```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

CHRISTOPHER ANTON IRELAND,  )
                            )
         Petitioner,        )
                            )
    vs.                     )   Civil Action No. 05-1623
                            )   Judge Gary L. Lancaster
DISTRICT ATTORNEY OF        )   Magistrate Judge Amy Reynolds Hay
ALLEGHENY COUNTY, et al.,   )
                            )
         Defendants.        )

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus (Doc. 3) be dismissed without prejudice for failure to exhaust state court remedies and that a certificate of appealability be denied.

II. REPORT

Petitioner Christopher Anton Ireland is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (See doc. 3).

**A.   Discussion**

The petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases,[1] this court may

---

[1] Habeas Rule 4 requires the court to examine a petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. The rule provides in

dismiss the petition if, as is the case here, it plainly appears on its face that the petitioner is not entitled to relief under habeas.

### 1.  Background

According to the allegations contained in the petition, Ireland was convicted in October 2004 of one count of endangering the welfare of a child in violation of 18 Pa.Cons.Stat. § 4304(B).  On January 5, 2005, the Court of Common Pleas of Allegheny County sentenced him to a term of incarceration of not less than two and a half nor more than seven years.  On January 12, 2005, the court denied his post-sentence motions.  Petitioner appealed his judgment of sentence to the Superior Court of Pennsylvania.  That appeal is currently pending at docket number 238 WDA 2005.

### 2.  Exhaustion

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances

---

relevant part:

> The petition shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Habeas Rule 4.

exist that render such process ineffective[.]"  28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA[2] mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  Once a petitioner's federal claims have been fairly presented to and ruled upon the state courts, the exhaustion requirement is satisfied.  Picard v.

---

[2]   The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

In the present case, the petition, on its face, shows that Petitioner has failed to exhaust his state-court remedies with respect to the federal constitutional claims that he raises therein. He admits that his direct appeal with the Superior Court, in which he has raised at least some of the same claims that he is raising in the instant petition, is still pending. (Doc. 3, ¶ 10). Therefore, it is obvious that the claims asserted in the petition have not been fully exhausted before the state courts. Accordingly, the Court must dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.[3]

### B. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the

---

[3] Under certain circumstances, the district court may hold a federal habeas case in abeyance pending the completion of state court remedies if the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period. See Benchoff v. Colleran, 404 F.3d 812, 820 n.6 (3d Cir. 2005) (citing Rhines v. Weber, 125 S.Ct. 1528 (2005)). That concern is not at issue in this case because AEDPA's limitation period will not begin to run until Petitioner's judgment of sentence is final. 28 U.S.C. § 2244(d)(1)(A); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the prisoner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the court's procedural disposition of this case debatable.  Accordingly, it is recommended that no certificate of appealability should issue.

III. <u>CONCLUSION</u>

It is respectfully recommended that the Petition, doc. 3, be dismissed without prejudice and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, Petitioner is allowed ten (10) days from the date of service to file objections to this report and recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ *Amy Reynolds Hay*
Amy Reynolds Hay
UNITED STATES MAGISTRATE JUDGE

Dated:    17 January, 2006

cc:  The Honorable Gary L. Lancaster
     United States District Judge

Christopher Ireland
GB6366
SCI Albion
10745 Rt 18
Albion, PA 16745